MARK E. FERRARIO
Nevada Bar No. 1625
TYLER ANDREWS
Nevada Bar No. 9499
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile:  (702) 792-9002
ferrariom@gtlaw.com
andrewst@gtlaw.com

*Attorneys for Defendant Silver Sage Wellness LLC*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SOPHIA MENDEZ, individually and on behalf of all others similarly situated, | Case No. 2:21-cv-00081-KJD-EJY |
| Plaintiffs, | **STIPULATED CONFIDENTIALITY AGREEMENT AND JOINT PROTECTIVE ORDER** |
| v. | |
| SILVER SAGE WELLNESS LLC, a Nevada limited liability company, | |
| Defendant. | |

Defendant Silver Sage Wellness LLC ("Defendant" or "Silver Sage") and Plaintiff Sophia Mendez ("Plaintiff"), by and through their respective counsel of record hereby stipulate and agree that certain documents and information ("**Confidential Information**" as defined herein) being sought through discovery in the above-captioned action are considered confidential by the parties and thus protectible pursuant to Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this stipulated joint protective order (the "**Order**") is to set forth a protocol governing the parties' conduct with respect to the treatment of such materials. THEREFORE:

The following Definitions shall apply in this Order:

A.      The term "**Confidential Information**" means the following documents, records, and/or information:

ACTIVE 58688499v2

1.     Plaintiff's records containing PHI, including but not limited to personal information, addresses, telephone numbers, etc.);

2.     Third-party records containing PHI in the custody of Defendant;

3.     Financial records of Defendant and third-party clients of Defendant;

4.     Defendant's contracts, agreements, and addendums that contain a confidentiality clause requiring the content be kept confidential, including but not limited to confidential proprietary information; and

5.     Documentation referring to, relating to, or constituting outreach calls and conversation guides, targeted member lists, and calling procedures, which could be used by competitors to gain confidential proprietary information and which Defendant treats as trade secret information.

B.     The term "**Counsel**" means all counsel of record throughout the litigation, including outside counsel of record, and other attorneys, paralegals, secretaries, and support staff employed in the office of any counsel of record "HIPAA" means the Health Insurance Portability and Accountability Act;

C.     The term "**Designating Party**" means a Party or Non-Party that designates information or items that is produced in pre-trial or pre-hearing disclosures, in response to a court order, or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

D.     The term "**Discovery Material**" means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, but not limited to, testimony, transcripts, documents, answers to interrogatories, and tangible things), that are produced or generated in pre-trial or pre-hearing disclosures, in response to a court order, or in responses to discovery in this matter.

E.     The term "**Expert or Consultant**" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2

F.     The term "**Non-Party**" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

G.     The term "**Party**" means any party to this action, including all of its officers, directors, employees, corporate representatives, consultants, and Counsel of Record.

H.     The term "**Producing Party**" means a Party or Non-Party that produces Discovery Material in this action.

I.     The term "**Professional Vendors**" means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees or anyone working on their behalf who are subject to their control.  This shall specifically include electronic discovery vendors.

J.     The term "**Protected Material**" means any Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

K.     The term "**PHI**" means protected health information, as that term is used in HIPAA and the Privacy Standards and defined in 45 C.F.R. §§ 160 and 164 (2003).  Without limiting the definition and merely for purposes of providing relevant examples, PHI includes, but is not limited to, health information, including demographic information;

L.     The term "**Receiving Party**" means a Party that receives Discovery Material from a Producing Party.

The following provisions shall apply in this litigation:

1.     Any Producing Party may designate any Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of Discovery Material that qualify, so that other portions of the material for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, such Designating Party shall promptly, upon learning of a mistaken designation, notify all other Parties that it is withdrawing the mistaken designation.

3

(a) Designation as "CONFIDENTIAL": Any Producing Party may designate any Discovery Material as "CONFIDENTIAL" only if, in the good faith belief of such party and its Counsel, the unrestricted disclosure of such information could be harmful to the business or operations of such party.

(b) Designation as "CONFIDENTIAL – FOR COUNSEL ONLY": Any Producing Party may designate information as "CONFIDENTIAL – FOR COUNSEL ONLY" only if, in the good faith belief of such Producing Party and its Counsel, the information is among that considered to be most sensitive by the Party, as stated in Section C above, including but not limited to trade secret or other confidential business information, HIPAA protected information related to persons other than Plaintiffs, financial, customer related data or other commercial information maintained as a trade secret by either party, or otherwise required to be kept confidential by contractual agreement(s) between the party and a third party to this litigation.

2. *Manner and Timing of Designations.* Except as otherwise provided in this Order, or as otherwise stipulated or ordered, CONFIDENTIAL or CONFIDENTIAL – FOR COUNSEL ONLY Discovery Material shall be clearly designated as such in accordance with the following:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" to each page that contains Protected Material. The Designating Party shall give notice to the Receiving Party otherwise, in a manner sufficient to put the Receiving Party on notice of the claim that the Discovery Material is Protected Discovery Material.

4

(b)     For testimony given in deposition or in other pre-trial or trial proceedings, a party must designate the deposition or parts thereof as "CONFIDENTIAL" either: orally on the record prior to the end of the deposition session; or in writing not later than twenty (20) days after receipt of the transcript by counsel of record. Until the twenty-day period for written notification has expired, all deposition testimony and transcripts shall be treated in their entirety as "CONFIDENTIAL" and covered by this Order. All persons with copies of the deposition transcript shall then mark their copies, if necessary, with the above legend.

(c)     For information produced in some form other than documentary form and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL – FOR COUNSEL ONLY" or "CONFIDENTIAL," provided that if it is not feasible or practical to do so, the Designating Party shall give notice to the Receiving Party otherwise, in a manner sufficient to put the Receiving Party on notice of the claim that the information or item is CONFIDENTIAL – FOR COUNSEL ONLY or CONFIDENTIAL.

3.     *Disputes as to Confidentiality Designations.* The Receiving Party may contest the Designating Party's designation of Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" by sending written notice of its objection along with the grounds for such objection. In case of a challenge to the designation of Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY", the Parties must meet and confer and exhaust good faith efforts to attempt to resolve the controversy. If no agreement is possible, the dispute shall be taken to the Court for resolution. The Parties shall continue treating the document as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" until the Court resolves the controversy.

ACTIVE 58688499v2

4.     All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" must not be disclosed by the Receiving Party to anyone other than those persons designated within this Order and must be handled in the manner set forth below, and in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the Parties, or by order of the Court.

5.     Information designated "CONFIDENTIAL – FOR COUNSEL ONLY" may be viewed only by:

    (a)     Counsel (as defined in paragraph C, above) of the Receiving Party;

    (b)     Independent experts and stenographic and clerical employees associated with such experts. Prior to receiving any Confidential Information of the producing party, the expert must execute a copy of the "Agreement to Be Bound by Stipulated Protective Order," attached hereto as **Exhibit A**. Counsel for the receiving party must retain executed copies of such exhibits;

    (c)     The Court and any Court staff and administrative personnel;

    (d)     Any court reporter and staff employed in this litigation and acting in that capacity; and

    (e)     Any person indicated on the face of the document to be its author or co-author, or any person identified on the face of the document as one to whom a copy of such document was sent before its production in this action.

    (f)     Experts and Consultants (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have executed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

    (g)     Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, individuals to prepare

6

demonstrative and audiovisual aids for use in the courtroom or in depositions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials.

(h)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(i)     During their depositions, witnesses, and attorneys for witnesses, in the Litigation to whom disclosure is reasonably necessary, but only to the extent counsel has a good faith belief that the witness currently has or would be expected to have knowledge of the contents of the document, or of its subject matter,  provided the deposing party requests that the witness sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information, unless otherwise agreed by the Designating Party or ordered by the Court.

(j)     Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

6.     Information designated "CONFIDENTIAL" may be viewed only by the individuals listed in paragraph 5, above, and by the additional individuals listed below:

(a)     Any Party to this action who is an individual and has executed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

(b)     Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this action; and

(c)     Stenographic and clerical employees associated with the individuals identified above.

7

(d)     Any other person agreed to in writing by the Parties, and who has executed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

7.     All information that has been designated as "CONFIDENTIAL – FOR COUNSEL ONLY" by the Producing Party, and any and all reproductions of that information, must be retained in the custody of the Counsel for the receiving party, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation, but only during the course of this litigation.  The principals, employees or other agents of the Parties who received information prior to and apart from this litigation that was subsequently disclosed in this litigation as being either "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" may also retain copies of that information as is necessary for use in their respective businesses.

8.     If a Party wishes to file with the Court any Confidential Information, the corresponding documents or papers shall be filed under seal by following the procedures set forth in the Local Rules to guarantee that such information is not disclosed to persons other than those authorized to have access to the same pursuant to this Order. To the extent the Court requires further briefing to support the request for maintaining the filed document restricted and/or under seal, the Designating Party shall provide such further briefing within the timelines set forth by the Court.  Nothing in this order shall be construed as automatically permitting a party to file under seal.  No portion of the trial of the matter shall be conducted under seal.

9.     Confidential Information and materials designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" shall be used solely for the prosecution or defense of this action.  A party who wishes to use Confidential Information and/or materials designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" for a purpose other than the prosecution or defense of this action must request permission, in writing, from Counsel for the producing party.  The receiving party's request must identify the Confidential     Information     and/or     materials     designated     "CONFIDENTIAL"     or

8

"CONFIDENTIAL – FOR COUNSEL ONLY" that the receiving party wishes to use, and identify the purpose for which it wishes to use Confidential Information and/or materials designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."   If the parties cannot resolve the question of whether the receiving party can use Confidential Information and/or materials designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" for a purpose other than the prosecution or defense of this action within fourteen (14) days of the producing party's receipt of such a request, the receiving party may move the Court for a ruling on the receiving party's request.   In the event any party files a motion seeking to use Confidential Information and/or materials designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" for a purpose other than the prosecution or defense of this action, the Confidential Information and/or materials designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" shall be submitted to the Court, under seal, for an in-camera inspection.   Any Confidential Information and/or materials designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the motion or the matter has been otherwise resolved.

10.     At any stage of these proceedings, any party may request that it be permitted to disclose materials designated as Confidential to individuals not permitted by this Order to view such materials. The party must notify, in writing, Counsel for the producing party of the identity of the relevant materials and the individuals to whom the party wishes to disclose the materials.   If the request is not resolved consensually between the parties within fourteen (14) days of receipt of such a request, the requesting party may move the Court for a ruling allowing such disclosure.   In the event any party files a motion requesting such disclosure, the document shall be submitted to the Court, under seal, for an in-camera inspection.   The materials at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the request.

11.     All Confidential Information must be held in confidence by those inspecting or receiving it.   To the extent the Confidential Information has not been disclosed prior to and

9

apart from this litigation, it must be used only for purposes of this action.  If the Confidential Information was exchanged between the parties prior to and apart from this litigation for purposes of conducting their respective businesses, the parties may continue to use that otherwise Confidential Information for that purpose.  The parties may not distribute the Confidential Information beyond those persons or entities that had received the Confidential Information prior to this litigation.  In addition, counsel for each party, and each person receiving Confidential Information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.  If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

12.     No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

13.     If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the producing party may give written notice to the Receiving Party that the materials produced are deemed Confidential, and that the materials produced should be treated as such in accordance with that designation under this Order.  The receiving party must treat the materials as confidential, once the producing party so notifies the receiving party.  If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the producing party in writing of each such disclosure.

14.     Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

10

15.     Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

16.     This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information.  The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

17.     Information designated Confidential pursuant to this Order also may be disclosed if: (a) the party or non-party making the designation consents to such disclosure; (b) the Court, after notice to all affected persons, allows such disclosure; or (c) the party to whom Confidential Information has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena, provided that the subpoenaed party gives prompt notice to Counsel for the party which made the designation, and permits Counsel for that party sufficient time to intervene and seek judicial protection from the enforcement of this subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

18.     Nothing in this Confidentiality Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing its own Confidential Information to any person.  Such disclosures shall not affect any confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.  Nothing in this Order shall prevent or otherwise restrict Counsel from rendering advice to their clients, and in the course thereof, relying on examination of stamped confidential information.

19.     Within thirty (30) days of the final termination of this action, including any and all appeals, Counsel for each party must purge all Confidential Information from all machine-readable media on which it resides and must either (a) return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that

11

information, or (b) destroy same.  With respect to paper copies, return or destruction of Confidential Information is at the option of the producing party.  Notwithstanding the foregoing, Counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information, after the conclusion of this litigation.  Further, attorney work product that contains Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information, after the conclusion of this litigation.

20.    The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; or (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents, in violation of this Order.

21.    Transmission by e-mail or facsimile is acceptable for all notification purposes within this Order.

22.    This Order may be modified by agreement of the parties, subject to approval by the Court.

23.    The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

24.    After termination of this action, the provisions of this Order shall continue to be binding, except with respect to those documents and information that became a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of Confidential Information and materials designated as confidential for enforcement of the provisions of this Order following termination of this litigation.

ACTIVE 58688499v2

1    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**[1]

2    DATED this 30th day of July 2021.

3                                              GREENBERG TRAURIG, LLP

4                                         By: */s/ Tyler Andrews*

5                                              Mark E. Ferrario
                                               Nevada Bar No. 1625

6                                              Tyler Andrews
                                               Nevada Bar No. 9499

7                                              10845 Griffith Peak Drive, Suite 600

8                                              Las Vegas, NV 89135

9                                              *Attorneys for Defendant*
                                               *Silver Sage Wellness LLC*

10

11                                            SHAMIS & GENTILE, P.A.

12

13                                        By:  */s/ Andrew J. Shamis*
                                               Andrew J. Shamis (*pro hac vice*)

14                                             Florida Bar No. 101754
                                               ashamis@shamisgentile.com

15                                             14 N.E. 1st Avenue, Suite 705

16                                             Miami, Fl 33132
                                               Telephone: 305-479-2299

17

18                                             *Counsel for Plaintiff Sophia Mendez*

19

20    **IT IS SO ORDERED.**

21    **UNITED STATES MAGISTRATE JUDGE**

22

23    _____

24    Dated this 30th day of July, 2021.

25

26

27    ────────────────────
      [1]  The Parties further utilize this stipulation to memorialize their agreement to the terms
28    contained herein in the event that the Court does not enter the Protective Order.

13

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| SOPHIA MENDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>SILVER SAGE WELLNESS LLC, a Nevada limited liability company,<br><br>Defendant. | Case No. 2:21-cv-00081-KJD-EJY<br><br>**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER** |

I, _____, declare and say that:

　　　1.　　I am employed as _____ by

_____.

　　　2.　　I have read the Stipulated Protective Order (the "Order") entered in

_____ and have received a copy of the Order.

　　　3.　　I promise that I will use any and all "Confidential" or "Confidential –

For Counsel Only" information, as defined in the Order, given to me only in a

manner authorized by the Order, and only to assist Counsel in the litigation of this

matter.

　　　4.　　I promise that I will not disclose or discuss such "Confidential" or

"Confidential – For Counsel Only" information with anyone other than the persons

described in paragraphs 5 and 6 of the Order.

*ACTIVE 58688499v2*

5.      I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the District of Nevada with respect to the enforcement of the Order.

6.      I understand that any disclosure or use of "Confidential" or "Confidential – For Counsel Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

7.      I will return all "Confidential" or "Confidential – For Counsel Only" materials (as defined in the Order) to the attorney who provided it to me, upon request of that attorney, and I shall not retain any copies of said materials or any information contained within "Confidential" or "Confidential – For Counsel Only" materials.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____          _____
                                                         Signature

2